| | |
|---|---|
| **DISTRICT COURT, CITY & COUNTY OF DENVER, COLORADO**<br>Address:       1437 Bannock Street<br>                      Denver, Colorado 80202<br>Telephone:   720-865-8301<br><br>**Plaintiffs:    STAN ROMANEK, ANN ROMANEK, and MARK STAHL**<br><br>**v.**<br><br>**Defendant:    AMERICAN NATIONAL PROPERTY & CASUALTY COMPANY, a Missouri company**<br><br>Attorney for Plaintiffs:<br>Sean B. Walsh, #35141<br>Brian J. Lampert, #9437<br>Lampert & Walsh, LLC<br>3650 S. Yosemite Street, Suite 404<br>Denver, Colorado 80237<br>Telephone:   720-489-5848<br>Facsimile:   720-489-0540<br>sean.walsh@lampertwalsh.com | DATE FILED: July 20, 2017 10:38 AM<br>FILING ID: F77EE8273B499<br>CASE NUMBER: 2017CV32611<br><br>▲ **COURT USE ONLY** ▲<br>_____<br><br>Case Number:<br><br>   **2017-CV-_____**<br><br>Div: ____ |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiffs, Stan Romanek, Ann Romanek, and Mark Stahl, by and through their attorneys of record Lampert & Walsh, L.L.C., state the following Complaint against the Defendant:

### GENERAL ALLEGATIONS.

1. Plaintiff Stan Romanek was at all times pertinent hereto a resident of the City of Loveland, Larimer County, State of Colorado.

2. Plaintiff Ann Romanek was at all times pertinent hereto a resident of the City of Lakewood, Jefferson County, State of Colorado.

3. Plaintiff Mark Stahl was at all times pertinent hereto a resident of the City of

1

Arvada, Jefferson County, State of Colorado.

4.	That at all times material hereto, Defendant American National Property & Casualty Company (hereinafter "ANPAC") was a Missouri company in good standing with the State of Colorado with a Registered Agent, the Colorado Division of Insurance, 1560 Broadway, Denver, Colorado 80202.

5.	Defendant ANPAC is a company licensed to conduct business in the State of Colorado and at all times pertinent hereto entered into a contract to provide UIM coverage to Plaintiff Ann Romanek and passengers in her vehicle.

6.	This Court has jurisdiction over the subject matter at issue because this is a civil action for damages and or equitable relief pursuant to Colo. Const. Art. VI, §9(1).

**7**.	Venue in this Court is proper pursuant to C.R.C.P. 98(c)(1) in that an action shall be tried where the Defendant enters into a contract to perform services..

8.	At all times pertinent, Defendant ANPAC was the auto insurer for Plaintiff Ann Romanek and her passengers on claims arising out of an automobile injury on October 1, 2015, with coverage for uninsured/underinsured motorist claims. Such coverage gave rise to a duty of good faith and fair dealing between Plaintiffs and Defendant ANPAC.

9.	Plaintiffs complied with all terms and conditions of the relevant insurance policy and provided all information requested by ANPAC.

10.	Alyshia Schmidl was the at-fault driver for all Plaintiffs' accident-related injuries sustained on October 1, 2015.

11.	Ms. Schmidl was an underinsured motorist and all Plaintiffs recovered full policy limits against her, which left the ANPAC policy as an avenue of recovery under Plaintiff Ann Romanek's UM/UIM policy through ANPAC.

12.	ANPAC was were advised on December 7, 2016 as to the medical treatment and medical bills associated with all Plaintiffs' injuries sustained due to the motor vehicle accident on October 1, 2015. All of the medical treatment, which equaled $22,694.05 for Stan Romanek, $14,329.62 for Ann Romanek, and $728.34 for Mark Stahl were caused by the October 1, 2015 motor vehicle accident.

13.	Defendant ANPAC has refused to pay substantial portions of all Plaintiffs' medical bills, and/or resolve the claim in a timely manner. In addition, Defendant has refused to offer a reasonable amount to Plaintiffs for their injuries, damages and losses despite medical records and medical bills, which established a causal connection to the October 1, 2015 motor

vehicle accident.

14. As a result of the conduct of Defendant ANPAC, Plaintiffs are required to prepare for, and participate in, a jury trial to obtain the Plaintiffs' UM/UIM benefits from Defendant, causing and inflicting on Plaintiffs further severe emotional distress and pain during a trial, and particularly being required to disclose intimate and personal emotional issues and damages in a public courtroom and enduring cross-examination by counsel for Defendant in front of a jury. Further Plaintiffs will incur increased attorney's fees and costs to prove Defendant's obligation to indemnify Plaintiffs for their losses. Plaintiffs will also incur further economic loss by the time and resources of such a trial.

15. Plaintiffs have incurred medical bills as outlined above to date and have future medical expenses they will continue to incur. As a result, Plaintiffs have incurred damages and are experiencing a worsening of their medical conditions. As a further and direct result of the above-described accident, Plaintiffs have incurred pain and suffering, together with loss of enjoyment of life, physical impairment, and will in the future continue to incur such pain and suffering, loss of enjoyment of life, and physical impairment due to the continuing nature and permanency of their injuries.

## FIRST CLAIM FOR RELIEF
*(Breach of Contract- American National Property & Casualty Co.)*

16. Paragraphs 1 through 15 are incorporated herein by reference.

17. Plaintiff Ann Romanek entered into a contract with Defendant ANPAC in Denver to provide UM/UIM coverage if she or her passengers were injured as a result of a motor vehicle accident and was either not compensated or not compensated fully for their injuries from a third-party.

18. During the time of the coverage, all Plaintiffs were injured by a negligent driver on October 1, 2015.

19. Defendant ANPAC has failed to negotiate in good faith toward all Plaintiffs and, as such, has breached its contractual duty to deal fairly with their insured, compensate Plaintiffs in a timely and reasonable manner and/or make a reasonable offer to Plaintiffs.

20. As such, all Plaintiffs have been denied use of funds to seek out additional medical treatment, have incurred medical debt, endured emotional distress, and furthermore the Defendant has failed to compensate Plaintiffs for their injuries, harms and losses suffered under Paragraphs 12 and 15 of this Complaint.

WHEREFORE, Plaintiffs pray for relief against the Defendant following the Second

Claim for Relief.

## SECOND CLAIM FOR RELIEF
*(Improper denial of benefits under C.R.S. §10-3-1116- American National Property & Casualty Co.)*

21.     Paragraphs 1 through 20 are incorporated herein by reference.

22.     Defendant ANPAC owed duties to all Plaintiffs, as its insured, to act fairly and reasonably in adjusting and paying the claims of Plaintiffs presented to it for UM/UIM benefits as defined by C.R.S. §10-3-1115.

23.     Defendant ANPAC violated those duties under C.R.S. §10-3-1115 in one or more of the following ways:

   (a) Not attempting to effectuate prompt, fair and equitable settlement of Plaintiffs' claim, despite doctor's opinions and medical records, in which liability had becoming reasonably clear;

   (b) Compelling Plaintiffs to institute litigation to recover amounts due under the insurance policy and denying UM/UIM coverage to their insured;

   (c) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the claim;

   (d) Unreasonably delaying or denying payment for all Plaintiffs' claims for benefits owed to Plaintiffs without a basis to do so;

   (e) Unreasonably determining a limited obligation to make Plaintiffs whole.

24.     As a result of these unreasonable and/or reckless acts or omissions of Defendant, Plaintiffs suffered injuries and damages in an amount to be proven at trial and asks for damages under C.R.S. §10-3-1116.

WHEREFORE, Plaintiffs pray for judgment against Defendant in an amount to be determined at trial of the civil action, together with costs, exemplary damages, interest, attorney fees, expert witness fees, and such other and further relief including relief under C.R.S. §10-3-1116, such as pre-judgment and post-judgment interest to the extent permitted by law as this Court deems proper.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all claims so triable.

Respectfully submitted this 20th day of July, 2017.

**LAMPERT & WALSH, LLC**

*The duly signed original of this document is on file at the law offices of Lampert & Walsh, LLC*

/s/ Sean B. Walsh_____
Sean B. Walsh, Esq.

COUNSEL FOR PLAINTIFFS

Plaintiff Stan Romanek's Address:
3906 Ash Ave.
Loveland, Colorado 80538

Plaintiff Ann Romanek's Address:
3324 S. Field, #9-188
Lakewood, Colorado 80227

Plaintiff Stahl's Address:
5436 Saulsbury Court
Arvada, Colorado 80002